**Harold F. ROSS, Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT NO. 231, JOHNSON COUNTY KANSAS, Defendant.**

**Civ. A. No. 91–2302–V.**

United States District Court,
D. Kansas.

Sept. 3, 1992.

Elizabeth Hill Nigro, James W. Humphrey, Jr., Jeffrey S. Henry, Kuraner & Schwegler, Kansas City, MO, and Steve A. Leben, Law Offices of Steve Leben, Overland Park, KS, for plaintiff.

Fred W. Rausch, Jr., Fred W. Rausch, Jr., Chtd., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on defendant's motion to dismiss or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56 (Doc. 24). Plaintiff has responded (Doc. 29) and opposes the motion. Because matters outside the pleadings are presented to the court in defendant's motion, it shall be treated as one for summary judgment. Fed.R.Civ.P. 12(b). For the reasons stated below defendant's motion for summary judgment is denied.

As an initial matter, the court notes that plaintiff has utterly failed to comply with D.Kan.Rule 206(c) in its response to defendant's motion for summary judgment. Plaintiff has failed to controvert any of the facts listed by defendant as uncontroverted. It appears that plaintiff's counsel has not read our rule. Nevertheless, defendant is not entitled to summary judgment in this employment discrimination action because defendant has failed to articulate any legitimate, nondiscriminatory reason for its policy of denying teachers sixty years of age and older the benefit of an administrative regulation which would allow them to renew their teaching certificates without taking additional college credit hours, while routinely allowing recently-graduated teachers to take advantage of a similar regulation. Defendant's apparent reliance on the discretion granted to school districts in the regulations does not explain this inconsistent policy. In this connection the court notes that the defendant did not reply to plaintiff's response to its motion.

Plaintiff, a former teacher in the U.S.D. 231 school district, has alleged that the defendant school district violated the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and the Kansas Age Discrimination in Employment Act, K.S.A. 44–1111 *et seq.* Specifically, plaintiff alleges that the defendant school district denied him the benefit of K.A.R. 91–1–56 (1989), the administrative regulation which permits teachers sixty years of age and older to renew their teaching certificates without obtaining additional col-

lege credit hours or "in-service" points. Additionally, plaintiff has alleged that his challenge to the school district's practice triggered retaliatory actions against him by the defendant school district.

## I. SUMMARY JUDGMENT STANDARDS

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## II. FACTUAL BACKGROUND

The pertinent facts set forth by the defendant as uncontroverted in its motion for summary judgment, as well as in the record of this case, are summarized as follows:

Plaintiff Harold Ross was employed as a teacher in the defendant school district for the 1989–90 school year pursuant to a contract of employment. Plaintiff's teaching certificate expired on May 5, 1990. In September 1989, prior to the expiration of his teaching certificate, plaintiff informed the defendant school district that he wished to renew his teaching certificate pursuant to K.A.R. 91–1–56. This regulation (the "age–60" regulation) permits teachers sixty years of age or older to have their teaching certificates automatically renewed without the additional credit hours or "in-service" points customarily required for renewal when the employing school district requests such renewal. The regulation states:

> **91–1–56. Certificate renewal based upon age.** Any person holding a valid Kansas certificate issued by the state board who is sixty (60) years of age or older may be issued a renewal without recent college credits if the applicant presents:
>
> (a) Evidence of serving one hundred fifty (150) days of the school year immediately preceding the effective date of renewal, if granted; and
>
> (b) Evidence of serving one hundred fifty (150) days in each of five (5) of the six (6) school years immediately preceding the effective date of the renewal, if granted; and
>
> (c) A request for certificate renewal from the employing official of the school in which the applicant is to serve. (Authorized by Article 6, Section 2(a) of the Kansas Constitution; effective (temporary) January 8, 1982; (permanent) May 1, 1982.)

K.A.R. 91–1–56.

It is uncontroverted that plaintiff met the requirements for recertification under this regulation but for the defendant school district's refusal to request the renewal in accordance with subparagraph (c).

The defendant school district has stated that its policy and practice is not to allow

recertification by employees pursuant to the age–60 regulation. In fact, the school district has refused all previous requests for recertification under K.A.R. 91–1–56. It is uncontroverted that K.A.R. 91–1–56 allows school districts some discretion in whether to request automatic recertification for teachers eligible under the regulation. In a similar regulation, K.A.R. 91–1–30(b)(4)(A)(B), school districts also have discretion as to whether to request automatic recertification for teachers who, after graduating from an accredited teaching institution, wish to automatically renew their three-year certificates with five-year certificates. The defendant district does allow such teachers to renew their certificates under K.A.R. 91–1–30(b)(4)(A)(B) without obtaining additional credit hours.

Plaintiff's request for recertification under K.A.R. 91–1–56 was denied by the school board for the defendant district during an executive session on September 18, 1989. After the denial of plaintiff's request, the defendant district offered to help him obtain a Kansas substitute teaching certificate so plaintiff could have extra time to obtain the necessary hours to renew his certificate in the traditional manner.

In October 1989, after the defendant school district refused plaintiff's request, plaintiff filed a timely claim of age discrimination with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission. Defendant district was informed of this claim. In January, 1990, Dr. Gary George, the Superintendent for the defendant district, notified plaintiff that the district's offer to help him obtain a substitute teaching certificate was withdrawn, stating that plaintiff had not expressed any interest in their offer. On February 28, 1990, the EEOC determined that there was no violation of the ADEA. Plaintiff informed Dr. George that he was planning to appeal the EEOC determination.

In March 1990, Dr. George asked plaintiff whether he was planning to take the necessary credit hours to become recertified. Plaintiff stated that he was not. Ten days later, the school board for the defendant district decided not to renew plaintiff's teacher's contract for the following school year. Thereafter, plaintiff failed to obtain the necessary credit hours to become recertified through the traditional means, and on May 5, 1990, plaintiff's Kansas teaching certificate expired. On May 7, 1990, plaintiff was terminated by the defendant district because of his lack of certification. Plaintiff voluntarily retired upon his termination from the defendant school district. He has since obtained a Kansas substitute teaching certificate and also is certified to teach in the State of Missouri.

## III. DISCUSSION

### A. Plaintiff's Age Discrimination Claim

■ It is the opinion of the court that plaintiff has met the burden of showing a prima facie case of age discrimination under the test outlined in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 120–21, 105 S.Ct. 613, 621–22, 83 L.Ed.2d 523 (1985). A plaintiff in an age discrimination action can meet his burden of showing a prima facie case of discrimination in three different ways: (1) by producing evidence satisfying all prongs of the test set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), (2) by presenting direct evidence of discrimination, or (3) by presenting statistical proof of a pattern of discrimination. *Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1529 (11th Cir.1985). Typically, age discrimination claims are analyzed under the "shifting burdens of proof" test set forth in *McDonnell Douglas*, 411 U.S. at 802–03, 93 S.Ct. at 1824–25.

In *Thurston*, however, the Court held that "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." *Thurston*, 469 U.S. at 121, 105 S.Ct. at 621–22; *see Furr v. A T & T Technologies, Inc.*, 824 F.2d 1537, 1549 (10th Cir.1987); *Equal Employment Opportunity Comm'n v. Wyoming Retirement Sys.*, 771 F.2d 1425, 1430 (10th Cir.1985). Because plaintiff claims to

have offered direct evidence of discrimination in the defendant school district's blanket refusal to allow teachers aged sixty or over to take advantage of K.A.R. 91-1-56, there is no need to analyze this case under the *McDonnell Douglas* test.

■ Under the method of analysis set out in *Thurston*, this court must first determine whether plaintiff has presented direct evidence of discrimination. It is uncontroverted that the defendant district has a policy of not allowing teachers to take advantage of the age-60 recertification regulation to renew their certificates without taking additional credit hours. Similarly, it is uncontroverted that the defendant school district does allow teachers who have recently graduated from a teaching institution to take advantage of K.A.R. 91-1-30(b)(4)(A)(B) and renew their certificates without taking additional credit hours. These are the only two provisions where school districts have discretion regarding whether to allow teachers to renew their certificates without taking additional college credit hours or obtaining "in-service" points.[1] The fact that the defendant district does not allow teachers aged sixty or over to take advantage of the K.A.R. 91-1-56, but does allow recently-graduated teachers to renew under K.A.R. 91-1-30 constitutes direct evidence of discrimination under *Thurston*.[2]

In *Thurston*, former airline pilots over the age of sixty challenged Trans World Airlines' policy of not allowing pilots who became disqualified when they turned sixty years of age to automatically displace ("bump") flight engineers with less seniority and continue working in a flight engineer position. 469 U.S. at 117–18, 105 S.Ct. at 619–20. The airline allowed pilots who were disqualified for reasons other than

age to automatically displace less senior flight engineers, while pilots who were disqualified due to age had to go through an arduous bidding procedure for any available flight engineer openings. *Id.* at 118, 105 S.Ct. at 620. The pilots claimed that those over age sixty were being denied the same privilege of employment that was afforded to those disqualified for other reasons. *Id.*

The *Thurston* Court held that while the airline was not compelled to allow any disqualified pilot the privilege of "bumping" a less senior flight engineer, if it granted some disqualified pilots the privilege of "bumping" less senior flight engineers, it could not "deny this opportunity to others because of their age." *Id.* at 120–21, 105 S.Ct. at 621. The Court further stated that: "'[a] benefit that is part and parcel of the employment relationship may not be doled out in a discriminatory fashion, even if the employer would be free ... not to provide the benefit at all.'" *Id.* at 121, 105 S.Ct. at 621 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 75, 104 S.Ct. 2229, 2233–34, 81 L.Ed.2d 59 (1984)).

The Court's holding in *Thurston* is analogous to the present case. Here, the defendant district does not allow teachers sixty years of age and over to take advantage of the regulation allowing them to renew their certificates without taking additional credit hours. On the other hand, the district does allow recently-graduated teachers to take advantage of a different regulation which allows them to renew without taking additional credit hours. Although the defendant district does appear to have the discretion to refuse to allow teachers to become recertified under either regulation, the district's policy is discriminatory on its face because it routinely permits recently-graduated teachers to renew under K.A.R. 91-1-

---

1. Plaintiff has also stated that the defendant district has implemented no policy or practice requiring teachers with advanced degrees who renew their certificates pursuant to K.A.R. 91-1-30(b)(6)(A) to obtain additional college credit hours or "in-service" points. Because the renewals under this regulation are automatic and do not require a request from the teacher's school district, this regulation is not relevant.

2. In its statement of uncontroverted facts, defendant has suggested that it may not have been aware that it had the discretion to require teachers wishing to renew their certifications under K.A.R. 91-1-30(b)(4)(A)(B) to obtain additional credit hours instead. This statement is not supported by the affidavits supplied to the court. At most, this statement would merely present a genuine issue of material fact which would preclude summary judgment.

30(b)(4)(A)(B) but does not allow teachers aged sixty or over to renew pursuant to K.A.R. 91–1–56.

Under the *Thurston* analysis, after determining that plaintiff has presented direct evidence of discrimination sufficient to establish a prima facie case of age discrimination, this Court must next inquire into the defendant district's justifications for its renewal policy. *See id.,* 469 U.S. at 122, 105 S.Ct. at 622. Here, the defendant district has stated as uncontroverted that the reason behind its policy of not allowing teachers to take advantage of the age–60 regulation is that all teachers can become better teachers by taking additional college hours and keeping current in their profession. Defendant claims that its policy is in the best interest of teachers and students.

Defendant has failed, however, to articulate any reason why it does not allow teachers sixty years of age and older to take advantage of K.A.R. 91–1–56, but does routinely allow recently-graduated teachers the benefit of renewing their certificates under K.A.R. 91–1–30(b)(4)(A)(B). Defendant appears simply to rely on the discretion granted to school districts in these regulations. Plaintiff has alleged that defendant's stated reason for not allowing teachers to renew under the age–60 regulation is thus pretextual because the district does not apply the same policy to all "automatic renewal" regulations. Consequently, the court concludes that genuine issues of material fact exist, *i.e.,* whether plaintiff can show that defendant's articulated reasons for its renewal policy are pretexts for discrimination. Defendant is not entitled to judgment as a matter of law on this claim.

*B. Plaintiff's Claim of Retaliation*

In addition to his claim for age discrimination, plaintiff has alleged that the defendant school district retaliated against him after he challenged the district's policy of not allowing teachers aged sixty or over take advantage of K.A.R. 91–1–56. Specifically, plaintiff claims the district withdrew its offer to help him obtain a substitute teaching certificate, gave him notice that it would not renew his teacher's contract for the following year, and terminated him on May 7, 1990. In its statement of uncontroverted facts, defendant has stated that its offer to help plaintiff obtain a substitute teaching certificate was withdrawn because plaintiff expressed no interest in the offer, that its decision not to renew plaintiff's teaching certificate for the following year was predicated on his statement that he did not plan to renew his teaching certificate, and that the district terminated plaintiff on May 7, 1990 because it was required to do so by law after his teaching certificate expired.

Although plaintiff's brief in opposition to defendant's motion for summary judgment does not fully comply with D.Kan. Rule 206(c), it appears to the court that facts relevant to this claim are generally in dispute. The court finds, therefore, that genuine issues of material facts exist as to whether the defendant district retaliated against plaintiff. Defendant is not entitled to judgment as a matter of law on this claim.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 24) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.